UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TIMOTHY RICE** | ) |
| | ) **Case Number** |
| | ) |
| **Plaintiff** | ) |
| | ) |
| vs. | ) **CIVIL COMPLAINT** |
| | ) |
| **SAGE CAPITAL RECOVERY, LLC** | ) |
| | ) **JURY TRIAL DEMANDED** |
| **Defendant** | ) |
| | ) |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Timothy Rice by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1.  Plaintiff, Timothy Rice, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II. JURISDICTION**

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant maintains a principle place of business in this District.

### III.  PARTIES

4. Plaintiff, Timothy Rice is an adult natural person residing at 1128 Maple Road, Elkhart, IN 46514.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Sage Capital Recovery, LLC ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Indiana and the State of New Jersey with its principal place of business located at 1040 Kings Highway, Cherry Hill, NJ 08034.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. On or around September 27, 2010, the Plaintiff received a letter from the Defendant regarding the alleged debt owed to the Plaintiff's community medical center in the amount of $1,022.00.

8. Upon receiving the Defendant's letter, the Plaintiff contacted the Defendant to explain the issue of the alleged debt.

9. The Plaintiff informed the Defendant that the alleged debt occurred when the Plaintiff was deployed with the National Guard in 2007.

10. The Plaintiff told the Defendant that the alleged debt was to be paid by the military and that the Plaintiff was unaware that it had not been paid.

11. The Plaintiff had no reason to believe that the alleged debt had not been paid since the Plaintiff had never received any correspondence through the mail or by phone since the incident.

12. The Defendant's agent asked the Plaintiff if the Plaintiff was planning on paying. The Plaintiff told the Defendant that he would need to contact the military and get it paid since the alleged debt is not supposed to come out of the Plaintiff's pocket.

13. The Defendant's agent then asked the Plaintiff if another agent could call the Plaintiff back who knows more about military matters, the Plaintiff agreed.

14. Around 45 minutes later on September 27, 2010, the Plaintiff received a phone call from another agent of the Defendant, "Ken Carpenter," stating that the Plaintiff requested a call back.

15. The Plaintiff attempted to explain the entire situation over again to the Defendant's agent, "Ken Carpenter," who interrupted by threatening the Plaintiff that the Defendant will take UCMJ action on the Plaintiff.

16. The Defendant would not let the Plaintiff speak or listen to what the Plaintiff had to say. The Defendant continued to interrupt the Plaintiff repeating over the Plaintiff that the Defendant will take UCMJ action because the Plaintiff is refusing to pay.

17. The Defendant's agent then claimed that the Defendant had everything the Plaintiff said on recording even though the Defendant never once stated that the call was going to be recorded.

18. The Plaintiff then hung up on the Defendant to avoid further harassment.

19. The Plaintiff called the Defendant back hoping to speak with another agent and the number for the Defendant's corporate office.

20. Another agent of the Defendant answered the Plaintiff's call and when the Plaintiff asked for the Defendant's corporate phone number, the agent said to another agent, "it's your boy again" and put agent, "Ken Carpenter" back on the phone.

21. The Defendant's agent, "Ken Carpenter" claimed that there was no corporate office phone number and continued to threaten the Plaintiff with UCMJ actions and that the unpaid alleged debt will negatively affect the Plaintiff's credit report.

22. On or around, October 4, 2010, the Defendant contacted the Plaintiff using a different number with an automated message.

23. The message from the Defendant did not state who was calling or for what but for the Plaintiff to call the number back.

24. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

25. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

26. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

27. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## **COUNT I – FDCPA**

28. The above paragraphs are hereby incorporated herein by reference.

29. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

30. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1): | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(6): | Placed telephone calls without disclosing his/her identity |

|  |  |
|---|---|
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt |
| §§ 1692e(11): | Communication fail to contain the mini-Miranda warning |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Sage Capital Recovery, LLC for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:  October 19, 2010**          **BY:  /s/  Bruce K. Warren**
Bruce K. Warren, Esquire


**BY:  /s/  Brent F. Vullings**
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800    Fax 215-745-7880
Attorneys' for Plaintiff